IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CINDY YHELKA,

    Plaintiff(s),                        07cv1736

                                      **ELECTRONICALLY FILED**

   v.

DAIRY FARMERS OF AMERICA, INC.,

    Defendant(s).

## Memorandum Order

This is an action for employment discrimination. Plaintiff, Cindy Yhelka, alleges a disparate treatment claim and a retaliation claim under Title VII and the PHRA against defendant, Dairy Farmers of America, Inc. (DFA). Defendant has filed a motion for judgment on the pleadings (doc. no. 7) arguing that her retaliation claim must be dismissed for failure to exhaust her administrative remedies. Specifically, defendant contends that because in plaintiff's EEOC charge of discrimination she neither referenced allegations of retaliation, nor did she "check the box" for retaliation, her retaliation claim must be dismissed.

Traditionally, a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) and 12(h) may be brought at the close of the pleadings, when no material issue of fact remains in dispute and the dispute can be resolved based upon the pleadings and facts upon which the Court may take judicial notice. Fed. R. Civ. P. 12(c), (h). The Court will apply the same standard of review applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Turbe v. Government of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991).

In deciding a motion to dismiss pursuant to Fed.R.Civ.P. Rule 12(b)(6), the Court accepts the well-pleaded factual allegations of the complaint as true, and draws all reasonable inferences

therefrom in favor of the plaintiff. *Armstrong Surgical Center, Inc. v. Armstrong County Memorial Hospital*, 185 F.3d 154, 155 (3d Cir. 1999). A claim should not be dismissed if the factual allegations raise a right to relief "above the speculative level." *Bell Atlantic Corporation v. Twombly*, __ U.S. __, 127 S.Ct. 1955 (2007).

In making this determination, the court must construe the pleading in the light most favorable to the non-moving party. *Budinsky v. Pennsylvania Dept. of Environmental Resources*, 819 F.2d 418, 421 (3d Cir. 1987). As the United States Court of Appeals for the Third Circuit explained:

> A Rule 12(b)(6) motion will be granted "'if it appears to a certainty that no relief could be granted under any set of facts which could be proved.'" *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005) (quoting *D.P. Enter. Inc. v. Bucks County Cmty. Coll.*, 725 F.2d 943, 944 (3d Cir. 1984)). We must accept all factual allegations in [plaintiff's] complaint as true, but we are not compelled to accept "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

*Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007).

Further, the Federal Rules of Civil Procedure require notice pleading, not fact pleading, so to withstand a Rule 12(b)(6) motion, the plaintiff "need only make out a claim upon which relief can be granted. If more facts are necessary to resolve or clarify the disputed issues, the parties may avail themselves of the civil discovery mechanisms under the Federal Rules." *Alston v. Parker*, 363 F.3d 229, 233 n.6 (3d Cir. 2004), *quoting Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002) ("This simplified notice pleading standard relies on liberal discovery rules . . . to define facts and issues and to dispose of unmeritorious claims.").

In addition, the Court may consider allegations contained in the complaint, exhibits attached to the complaint, and matters of public record. *City of Pittsburgh v. West Penn Power*

*Co.*, 147 F.3d 256, 259 (3d Cir. 1998), *citing Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir.1993) ("a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document. Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied."). *See* Fed.R.Civ.P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *Rose v. Bartle*, 871 F.2d 331, 339-340 (3d Cir. 1989) (lease agreement attached to complaint is part of the pleading for all purposes). [1]

After having reviewed plaintiff's charge of discrimination, where plaintiff appeared *pro se*, the Court finds that the charge of retaliation could "reasonably be expected to grow out of the charge of discrimination". *Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 398-99* (3d Cir. 1976). Among the material submitted to the EEOC was a letter attached to plaintiff's response in opposition to defendant's instant motion, wherein plaintiff stated that she believed she was fired because she was a female *and* because she fought for the position she held at DFA (doc. no. 11-2). Recognizing that "[t]he failure to check a particular box is not fatal to a Title VII action, and the Courts in the Third Circuit liberally construe EEOC charges," *Butterbaugh v. Chertoff*, 479 F. Supp. 2d. 485, 497 (W. D. Pa. 2007), citing *Schouten v. CSX Transportation Inc.*, 58 F.Supp.2d. 614, 616 (E.D. Pa. 1999), and in light of the fact that a normal investigation of plaintiff's written statement before the EEOC of "fighting for" the positions she held at DFA would have reasonably encompassed a claim of retaliation, the Court will deny defendant's

---

[1] The Court will consider plaintiff's EEOC charge of discrimination because plaintiff referred to the charge in her complaint, and is of public record. Therefore, the Court will consider plaintiff's charge without converting defendant's motion into one for summary judgment. *Morrison v. National City Home Loan Service, Inc.* 2007 WL 4322329, *2 (W.D. Pa. 2007)

motion for judgment on the pleadings (doc. no. 7) for failure to exhaust administrative remedies.

SO ORDERED this 29th day of February, 2008.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties